FILED
CLERK, U.S. DISTRICT COURT

Feb. 3, 2026

CENTRAL DISTRICT OF CALIFORNIA
BY: ____IV____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GENGHIS KHAN STEVENSON,<br><br>Defendant. | Case No.  2:26-mj-00539<br><br>**ORDER OF DETENTION**<br><br>[18 U.S.C. §§ 3148(b), 3143(a)] |

On January 30, 2026, Defendant made his initial appearance following his arrest on a bench warrant issued on January 22, 2026.  Defendant submitted on the detention recommendation in the Pretrial Services Report.

The Court has reviewed the files and records in this matter, including the report prepared by the U.S. Pretrial Services Agency on January 30, 2026, and its recommendation of detention.

The Court has considered the allegations of Defendant's noncompliance with the conditions set for pretrial release (arrest on state criminal charges) as alleged in the petition for action on conditions of pretrial release and warrant for arrest issued by this Court.

The Court finds, pursuant to 18 U.S.C.§ 3148(b), as follows:

1. Probable cause to believe that Defendant has committed a Federal, State, or local crime while on release. *See* Petition for action on conditions of pretrial release. Thus, there is a rebuttable presumption that no condition or combination of conditions will assure that defendant will not pose a danger to the safety of any other person or the community if released and Defendant has failed to rebut the presumption.

2. Clear and convincing evidence that Defendant has violated the conditions of his release. See Petition for action on conditions of pretrial release.

Having considered the factors set forth in 18 U.S.C. §3142(g), the court finds that there is no longer any condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the community or to others if allowed to remain on bail pending future court proceedings.

The Court finds that there is now a change in circumstances which justifies reconsideration of the decision to allow Defendant to remain on release. The Court now finds that, under the current circumstances, clear and convincing evidence does not exist to show that the defendant is not likely to flee or pose a danger to the community or to others if allowed to remain on bail.

IT THEREFORE IS ORDERED that Defendant be detained and be transported to the United States District Court for the Eastern District of Kentucky.

Dated: February 3, 2026

*Patricia Donahue*

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

2